**S & T CONSTRUCTION CO., INC., a corporation, and Don Williamson, a joint-venture, Appellees,**

v.

**Bill L. HARRIS and Carolyn B. Harris, d/b/a Harris Development, Appellants.**

No. 70106.

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 14, 1989.

Rehearing Denied Dec. 28, 1989.

Certiorari Denied April 9, 1990.

J. Warren Jackman and Allison D. Garrett, Tulsa, for appellants.

Theodore P. Gibson and William Leiter, Tulsa, for appellees.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellants seek review of an order of the trial court granting judgment to Appellees in Appellees' action to recover sums due under a construction contract. Appellant Harris (Appellant or Harris) sought to construct a building for lease to a third party, C.R. Anthony (Lessee). Appellees (hereinafter Contractors) submitted a bid, agreeing to construct a building in accordance with the Lessee's general specifications, with "finishes all per [Lessee's] standard plans and specifications." The general specifications provided in pertinent part:

Lessor to provide 12" x 12" x ⅛" reinforced vinyl (VA) vinyl asbestos floor tile

. . .

\* \* \* \* \* \*

Lessor shall provide an allowance for reinforced vinyl asbestos tile throughout all carpeted floor areas to Lessee.

Based on these terms and others, Appellants and Appellees entered a contract for construction of the building for a price of $549,000. Contractor built the structure on the site in the location directed by Appel-

lant, and according to the plans and specifications provided. Carpeting, rather than tile, was installed in the building. Lessee paid for the carpet and sent Harris a statement for $15,018.75, which represented the 75¢ per square foot tile allowance multiplied by 2,225 square yards of carpet.

After construction, however, it was revealed that the completed building enchroached on a property boundary line. Harris then paid the contract amount less approximately $46,000.00, due to the encroachment and to recover the tile allowance. Contractor filed suit for the balance due under the contract. The Trial Court awarded judgment to Contractor for about $45,000.00. Harris now appeals to this Court, contending (1) Contractor has a duty to build on the owner's land and (2) Harris is entitled to a "tile allowance" as a set off against judgment for Contractor.

The evidence adduced at trial established that Harris was the owner of the tract in question and apparently had obtained an up-to-date title examination and survey, but did not provide Contractor therewith. Harris instead provided information as to the boundary lines, dimensions and location of the building to Contractor. Further, Harris was physically on site every day during the construction phase of the operation and never complained of the location of the building. Contractor had made it clear to Appellant that Harris was responsible for obtaining all releases, permits, easements, and that Contractor was responsible only for the building of the structure. After the building was completed, and after Harris was informed that it encroached on the neighboring property, Harris apparently settled with the adjoining property owners, but continued to blame Contractor for the improper location of the structure.

■ As a general proposition, a construction contractor who follows plans or specifications furnished by an owner which subsequently prove to be defective or insufficient, will not be responsible to the owner for loss or damages which result solely from the plans or specifications. *Woods v. Amulco Products*, 205 Okla. 34, 235 P.2d 273 (1951). Under this authority and where, as here, Harris, with an abstract and survey in his possession, *unequivocally* informed Contractor of the location of the property line and directed exactly where the building was to be located, and thereafter did not complain of any improper location, Harris is responsible for any resulting encroachment and may not recover from the Contractor any damages incurred thereby. The Trial Court therefore did not err in granting judgment to Appellees on their contract claim, and we reject Appellants' first proposition of error.

■ Harris also asserts that he is entitled to a set-off for a "tile allowance" against the cost of carpeting for the building, and that the Trial Court's denial of his claim was error. He contends that to disallow his claim for set-off results in a windfall to Contractor because Contractor, although contractually obligated to lay tile in the entire building, did not, due to partial carpeting. We agree with Appellant.

When Contractor submitted his bid, he agreed to construct a building for Harris in accordance with Lessee's general specifications. By Lessee's specifications, Harris was required to either lay tile or to provide a tile allowance for all carpeted areas. Thus, when Contractor assumed Harris' obligations to build a building that met Lessee's specifications, Contractor agreed to either lay tile or to provide an allowance for carpet laid in place of tile.

In denying set-off, the Trial Court stated that the issue of carpeting allowance "was a matter between [Lessee] and [Harris], not [Contractor.]" This statement ignores the specific language of the contract. The trial court's decision results in a windfall to Contractor because it requires Harris to pay Contractor for tile which was not installed. The decision of the Trial Court is contrary to the language of the contract between Contractor and Harris, and we therefore reverse the order of the trial court denying Appellant's claim for set-off.

The order of Trial Court granting judgment to Appellees is AFFIRMED. The order of the Court denying set-off to Appellant is REVERSED and cause REMANDED for entry of judgment not inconsistent with this opinion.

HANSEN, P.J., and REYNOLDS, J., concur.